UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOMEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00740-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS ACTION**<br><br>(Doc. 5)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 5.) Because Plaintiff has more than three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that his application be denied and this action dismissed.

**I.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice of four of Plaintiff's prior lawsuits that were dismissed because they were frivolous or failed to state a claim on which relief can be granted:[1] (1) *Trujillo v. Sherman*, No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015, for failure to state a claim); (2) *Trujillo v. Ruiz, et al.*, No. 1:14-cv-00975-SAB (E.D. Cal) (dismissed on January 6, 2016, for failure to state a claim); (3) *Trujillo Cruz v. Gomez, et al.*, No. 1:15-cv-00859-EPG (E.D. Cal) (dismissed on February 3, 2017, for failure to state a claim); and, (4) *Trujillo v. Gonzalez-Moran, et al.*, No. 17-15200 (9th Cir.) (dismissed on July 28, 2017, as frivolous). These cases were dismissed before Plaintiff initiated the current action on May 27, 2020. Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff's claims stem from alleged incidents of harassment, retaliation, and excessive force at Kern Valley State Prison approximately six years ago, in October 2014. (*See* Doc. 1 at 1, 5-13.) Plaintiff also raises procedural due process and access to court claims based on these incidents. (*See id.* at 11, 12-13.) Plaintiff is currently incarcerated at North Kern State Prison. (*See id.* at 1.) He does not allege that he is in imminent danger of serious physical injury.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 7, 2020**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE