UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>        Plaintiff,<br><br>   v.<br><br>GOMEZ, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00740-DAD-JLT (PC)<br><br>**ORDER DENYING MOTIONS FOR EXTENSION OF TIME AND FOR APPOINTMENT OF COUNSEL**<br><br>(Docs. 9, 10) |

Plaintiff requests an extension of time to file objections to the undersigned's findings and recommendations to deny Plaintiff's motion to proceed *in forma pauperis*. (Doc. 9.) However, Plaintiff has already filed objections to the findings and recommendations. (Doc. 8.) Therefore, the Court will deny this motion as moot.

Plaintiff also requests the appointment of counsel to represent him in this case. (Doc. 10.) Plaintiff does not have a constitutional right to appointed counsel in this civil action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining

whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court does not find the requisite exceptional circumstances exist in this case. Even if the Court assumes that Plaintiff has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. For the reasons set forth above, the Court ORDERS:

1. Plaintiff's motion for extension of time (Doc. 9) is DENIED as moot; and,

2. Plaintiff's motion for appointment of counsel (Doc. 10) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 19, 2020**          /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE

2