UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>  Plaintiff,<br><br>  v.<br><br>GOMEZ, et al.,<br><br>  Defendants. | No.  1:20-cv-00740-DAD-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 14) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 8, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* be denied.  (Doc. No. 7.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service.  (*Id.* at 2–3.)  Plaintiff timely filed objections on June 18, 2020.  (Doc. No. 8.)  On June 30, 2020, after considering plaintiff's objections, the undersigned adopted the findings and recommendations in full and denied plaintiff's motion to proceed *in forma pauperis*.  (Doc. No. 12.)  Plaintiff was directed to pay the $400.00 filing fee in full in order to proceed with this action.

/////

On July 8, 2020, plaintiff filed the instant motion, stylized as a "motion responding to court order dated June 30, 2020." (Doc. No. 14.) The court construes this filing as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, plaintiff provides no justification for reversal or reconsideration of the court's previously entered judgment. Plaintiff does not contest the court's finding that he accumulated three "strike" dismissals pursuant to 28 U.S.C. § 1915(g) prior to initiating this action. Instead, he argues that he qualifies for the "imminent danger" exception to the three-strikes bar because of incidents that allegedly occurred in 2014 and 2015. (Doc. No. 14 at 1–2.) The court already considered this argument in its prior order, finding that despite plaintiff's "vague[] references [to] incidents that allegedly occurred in 2014 and 2015, [] he does not articulate any allegations from which the court could conclude that he was in imminent danger of serious physical injury at the time he filed his complaint in this action." (Doc. No. 13 at 2.) In the present motion, plaintiff

1 again makes vague allegations regarding incidents from five or more years ago (Doc. No. 14 at 1–
2 2), but he provides no additional specific allegations that suggest that he was in imminent danger
3 *when he initiated this action*.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007)
4 (noting that "the availability of the [imminent-danger] exception turns on the conditions a
5 prisoner faced at the time the complaint was filed, not at some earlier or later time").

6      Plaintiff also argues that, because neither he nor the defendants consented to magistrate
7 judge jurisdiction, the magistrate judge did not have the authority to deny his *in forma pauperis*
8 motions.  (Doc. No. 14 at 2.)  To clarify, the court notes that the assigned magistrate judge did not
9 deny plaintiff's motions to proceed *in forma pauperis*, but rather recommended that the motions
10 be denied by findings and recommendations.  Thus, it was the undersigned who denied plaintiff's
11 motions by adopting the magistrate judge's findings and recommendations after subjecting them
12 to *de novo* review.

13      For the reasons set forth above, plaintiff's motion for reconsideration pursuant to Rule
14 60(b) (Doc. No. 14) is denied.

15 IT IS SO ORDERED.

16 Dated:  **August 14, 2020**
17                                                                       UNITED STATES DISTRICT JUDGE