UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>GOMEZ, et al.,<br><br>Defendants. | No. 1:20-cv-00740-DAD-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 28) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this closed civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 30, 2020, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 7), denied plaintiff's motions to proceed *in forma pauperis* (Doc. Nos. 5, 12), and directed plaintiff to pay the required filing fee in order to proceed with this action. (Doc. No. 13.) Instead of paying the required filing fee, plaintiff filed a motion for reconsideration of the court's order denying his motions to proceed *in forma pauperis* and directing him to pay the required filing fee. (Doc. No. 14.) On August 17, 2020, the court denied plaintiff's motion for reconsideration. (Doc. No. 15.) On August 24, 2020, plaintiff appealed the court's order denying his motion for reconsideration to the Ninth Circuit Court of Appeals, which

1

1  dismissed plaintiff's appeal on February 16, 2021 noting that it was "so insubstantial as to not
2  warrant further review." (Doc. No. 21.)
3        On February 26, 2021, the court dismissed this action due to plaintiff's failure to pay the
4  filing fee as required. (Doc. No. 22.) On March 12, 2021, plaintiff appealed the court's order of
5  dismissal. (Doc. No. 24.) On September 16, 2021, the Ninth Circuit Court of Appeals again
6  dismissed the appeal as "so insubstantial as to not warrant further review." (Doc. No. 27.)
7        On September 24, 2021, plaintiff filed the pending second motion for reconsideration of
8  the court's order (Doc. No. 22) dismissing this action without prejudice due to his failure to pay
9  the filing fee as required. (Doc. No. 28.)
10       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
11 district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment
12 on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
13 evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
14 been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
15 Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any
16 event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*
17       Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the
18 interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of*
19 *Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531
20 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking
21 reconsideration under Rule 60, the moving party "must demonstrate both injury and
22 circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and
23 citation omitted).
24       "A motion for reconsideration should not be granted, absent highly unusual
25 circumstances, unless the district court is presented with newly discovered evidence, committed
26 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
27 raise arguments or present evidence for the first time when they could reasonably have been
28 raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

1 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in
2 original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or
3 different facts or circumstances are claimed to exist which did not exist or were not shown"
4 previously, "what other grounds exist for the motion," and "why the facts or circumstances were
5 not shown" at the time the substance of the order which is objected to was considered.
6       Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this
7 court should reconsider its order dismissing this action due to plaintiff's failure to pay the filing
8 fee as required. In his motion, plaintiff contends that the court should have allowed this action to
9 proceed even though he failed to pay the required filing fee as directed because, according to
10 plaintiff, the *in forma pauperis* statute, 28 U.S.C. § 1915(b), provides for funds to be collected
11 from his inmate trust account to pay the filing fee "when the funds exist." (Doc. No. 28 at 1.)
12 Plaintiff's contention is frivolous. As the court has explained in multiple orders, the court denied
13 plaintiff's motions to proceed *in forma pauperis* because he had acquired more than three "strike"
14 dismissals prior to initiating this action, and he failed to show that he was under imminent danger
15 of serious physical injury at the time he filed suit. 28 U.S.C. § 1915(g).
16       Plaintiff next contends that he qualifies for the "imminent danger" exception of 28 U.S.C.
17 § 1915(g) based on incidents from 2014. (*Id.* at 2.) The court already addressed this claim
18 several times and found that plaintiff's references to incidents that allegedly occurred in 2014 and
19 2015 fail to show that he was under imminent danger of serious physical injury when he filed suit
20 in 2017. (Doc. Nos. 7 at 2; 13 at 2; 15 at 2.) Plaintiff provides no new facts or circumstances that
21 the court has not already considered in this regard.
22       Plaintiff simply has provided no basis under Rule 60(b) to support reconsideration of the
23 court's order dismissing his action without prejudice.
24 /////
25 /////
26 /////
27 /////
28 /////

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 28) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained by the court in this closed case.

IT IS SO ORDERED.

Dated: **September 29, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE